ROBERT JOHN GOLDSTON v. BRENDA HENDERSON CHAMBERS LYNCH, EDWIN RAY CHAMBERS, HENRY SLOAN MEDLIN AND GROVER CLEVELAND MEDLIN

AND

MARGARET STUMPF GOLDSTON v. BRENDA HENDERSON CHAMBERS LYNCH, EDWIN RAY CHAMBERS, HENRY SLOAN MEDLIN AND GROVER CLEVELAND MEDLIN

No. 6819SC260

(Filed 18 September 1968)

**1. Damages §§ 4, 13;  Appeal and Error § 49—  damages to automobile — testimony as to fair market value**

In an action growing out of an automobile collision, ruling of the trial judge sustaining defendants' objection to allowing plaintiff to give his opinion of the fair market value of his automobile immediately after the accident is not prejudicial error where plaintiff was later allowed to so testify and where the jury returned a verdict for more damages to plaintiff's automobile than his opinion tended to show.

**2. Automobiles § 45;  Damages § 13;  Witnesses § 7—  daily memorandum of effect of personal injuries**

In an action for personal injuries resulting from an automobile collision, the trial court properly refused to allow the introduction into evidence of books in which plaintiffs had kept a daily memorandum of how their injuries affected them, since such records can only be used for the purpose of refreshing the witnesses' recollection when they testify.

**3. Evidence § 29—  daily record of injuries — reference by counsel to "medical journals"**

In an action for personal injuries, the trial court properly sustained defendants' objection to the use of the term "medical journals" by plaintiffs' counsel in referring to daily records kept by plaintiffs as to how their injuries affected them, and properly instructed the jury to disregard any such reference to "medical journals," since that term is inappropriate for such records and is misleading.

**4. Damages § 13—  consolidated personal injury actions — evidence of drug expenses**

In consolidated actions by a husband and wife for injuries sustained in an automobile accident, the trial court properly refused to allow the introduction of both plaintiffs' drug bills in a lump sum with no differentiation between them, since it would be impossible for the jury to determine what portion of the total drug bills belonged to each plaintiff.

**5. Appeal and Error § 45—  failure to bring assignments forward**

Assignments of error not brought forward and argued in the brief are deemed abandoned. Rule of Practice in the Court of Appeals No. 28.

**6. Appeal and Error § 30—— admission of witness' statements to investigating officer**

In an action growing out of an automobile accident, the admission of testimony by defendant as to what she told the investigating patrolman with respect to how the accident occurred will not be held prejudicial error where the witness had given previous testimony which coincided with what she told the officer.

**7. Trial § 36—— expression of opinion by the court — multiple defendants — reference to one "wrongdoer"**

In an action against multiple defendants for injuries sustained in a three-car collision, an instruction that plaintiff is entitled to recover, if at all, damages for past and present injuries resulting from the "wrongdoer's negligent act or acts" *is held* not an expression of opinion by the court that only one of the defendants was responsible for the damages, the words "wrongdoer's" and "wrongdoers'" being pronounced the same way and the placement of the apostrophe by the reporter who transcribed the charge not changing what the judge said to the jury.

**8. Trial § 36—— expression of opinion by the court — multiple defendants — reference to only one defendant in reading issue to jury**

In an action against multiple defendants for personal injuries sustained in a three-car collision, the court's use of the word "defendant" in reading to the jury an issue as to damages will not be held prejudicial error as an expression of opinion by the court that only one defendant was responsible for the damages where the judge referred throughout the charge to all defendants.

APPEAL by plaintiffs from *Seay, J.,* 1 January 1968 Session, RANDOLPH Superior Court.

These actions are by Robert John Goldston to recover for personal injuries and property damage, and by Margaret Stumpf Goldston to recover for personal injuries arising out of an automobile collision. The two cases were consolidated for trial.

The accident occurred on 8 June 1964 at approximately 6:30 p.m. on U. S. Highway Nos. 19 and 23 near Asheville. Robert John Goldston was operating his 1962 Valiant automobile. Margaret Stumpf Goldston was a passenger in her husband's car.

Both plaintiffs alleged in their complaints that Robert John Goldston stopped behind another motorist who was waiting for oncoming traffic to pass in order to make a left turn; that while stopped behind the turning vehicle defendant Brenda Henderson Chambers (now Lynch), operating her then husband's 1962 Buick, ran into the rear of the Goldston vehicle; that immediately following this collision defendant, Henry Sloan Medlin, operating a 1957 Chevrolet owned by Grover Cleveland Medlin, ran into the rear of the Chambers ve-

hicle, knocking it into the rear of the Goldston vehicle a second time.

The evidence for defendants Lynch and Chambers tended to show that their vehicle was completely stopped when the Medlin vehicle collided with the rear of the Chambers vehicle, knocking it into the rear of the Goldston vehicle, and that there had been no prior contact between the Chambers vehicle and the Goldston vehicle. Evidence for defendants Medlin tended to show that the Chambers vehicle did collide with the Goldston vehicle prior to the time that Medlin collided with Chambers.

Plaintiffs admitted on cross-examination that they did not see the Chambers vehicle when it allegedly hit the Goldston vehicle the first time. Their only evidence on this point was to the effect they felt two jolts "and assumed" that the Chambers vehicle had hit first.

These cases were first tried at the 27 February 1967 Session, Randolph Superior Court, with the jury finding that defendants Lynch and Chambers were not negligent; that defendants Medlin were negligent; that plaintiff Robert John Goldston was entitled to recover $7,500.00 for personal injuries and $528.00 for property damage; and that plaintiff Margaret Stumpf Goldston was entitled to recover $3,750.00. These jury verdicts were set aside by the Court in its discretion. On appeal by plaintiffs the ruling of the trial court was not disturbed, and the cases were remanded for trial.

Upon this second trial the jury again found the defendants Lynch and Chambers not negligent and the defendants Medlin negligent. Damages were awarded to plaintiff Robert John Goldston in the amount of $3,000.00 for personal injuries and $528.75 for property damage; Mrs. Goldston was awarded $2,000.00 for her personal injuries.

The plaintiffs moved to set the verdicts aside, which motion was denied, and the plaintiffs appealed.

*Ottway Burton, Attorney for plaintiff appellants.*

*Miller, Beck and O'Briant, by Adam W. Beck, Attorneys for defendant appellees, Lynch and Chambers.*

*Smith, Moore, Smith, Schell and Hunter, by Richmond G. Bernhardt, Jr., Attorneys for defendant appellees, Medlin.*

BROCK, J.

[1] Plaintiffs' Assignment of Error Number One is addressed to the ruling of the trial judge in sustaining the objection of defend-

ants Lynch and Chambers to allowing plaintiff Robert Goldston to give his opinion of the fair market value of his automobile immediately after the incident. This assignment of error might be well taken, except for the fact that the plaintiff was later allowed to testify as to his opinion about the matter, and in fact the jury verdict was for 25 cents more damages than the plaintiff's opinion tended to show. Plaintiffs' Assignment of Error Number One is overruled.

[2, 3]    Plaintiffs' Assignment of Error Number Two is to the ruling of the trial judge in sustaining all of defendants' objections to allowing in evidence plaintiffs' Exhibits C, D and G. These exhibits were books furnished to the plaintiffs by counsel for the purpose of maintaining a daily record of how they felt. Obviously there is nothing morally or legally wrong with plaintiffs keeping a daily memorandum of how their injuries have affected them, and, under proper circumstances, to use these memoranda for the purpose of refreshing their recollection when they testify. However, in this case counsel, in his questioning of the plaintiffs on direct examination, referred to these books as "medical journals," which term is not appropriate, and the objection to the use of that term was properly sustained by the trial judge. Also, from an examination of the pages of these "medical journals," each page is devoted to a day, and after the date, appear six printed questions with a variety of answers to be selected by checking a block; for example, question number one on each page reads as follows:

"Compared to my normal condition of health before the injury, today I feel:" (And then follows a series of answers which can be given by checking an appropriate blank as follows:)

"Very ill.

"Ill.

"Tired and exhausted.

"Nervous and irritable.

"About the same except for the injuries.

"Adequate."

(Then two blank lines follow headed by the word "Explain."

Question number one then continues with a series of possible answers to be given by checking the appropriate block as follows:)

"Compared to my general condition of health for the last week or so, today I feel:

"Continuing deterioration of my condition.

"About the same.

"Slight improvement.

"Considerable progress."

(Again two blank lines follow headed by the word "Explain.")

Without detailing the suggested possible answers that are given for the remaining five questions, it is interesting to note the questions themselves as follows:

"2. Specific symptoms and conditions troubling me today are:" (Twenty suggested answers follow, plus two blank lines headed by the word "Explain.")

"3. Drugs, medicine or therapy used today:" (There follow blank lines for the name of the drug, the amount taken and the time, and for what symptoms it was given. Also, suggested answers as to what relief was given, and two blank lines headed by the word "Explain.")

Question number four is in more general terms concerning the results of undertaking to perform duties, question number five is for comments, and question number six is for expenses incurred that day.

Without commenting upon whether the plaintiffs were qualified to answer the questions propounded on the pages of these books, and without comment upon the admissibility of the printed matter appearing on them, the proper function of any type daily record kept by a plaintiff would be limited to the use thereof for the purpose of refreshing the witness's recollection from notes made by the witness at the time. This the plaintiffs did not undertake to do, but undertook to merely offer the books in evidence after testifying that they had personally made the entries therein. Plaintiffs' Assignment of Error Number Two is overruled.

[3] Plaintiffs' Assignment of Error Number Three is to the action of the trial judge in instructing the jury, "The jury is not to consider any reference to medical journals." This instruction followed the references to the books as "medical journals" by counsel for the plaintiffs in his attempt to offer these books in evidence. As we have already stated above, such a reference was improper. Obviously the books are not entitled to the dignity of the term "medical journals," and such a reference is unnecessarily misleading. Plaintiffs' Assignment of Error Number Three is overruled.

**[4]** Plaintiffs' Assignment of Error Number Four is addressed to the ruling of the trial judge in sustaining defendants' objection to the introduction in evidence of all of both plaintiffs' drug bills in one lump sum, without differentiating between them. In such a situation it would be impossible for the jury to determine what portion of the total medical bills belonged to either plaintiff. Actually, when counsel was able to differentiate, the evidence of medical bills was allowed in evidence for the jury to consider. Counsel's most strenuous objection along this line was that the trial judge indicated that there might be some duplication in the medical bills, and that this was an affront to counsel. It appears to us from the transcript of the trial that the judge was merely performing a proper function in trying to determine whether the Exhibit E was clear enough to be understood by the jury. There was no accusation against counsel by the Court, but merely a questioning of counsel in order to reach an understanding. Plaintiffs Assignment of Error Number Four is overruled.

**[5]** Plaintiffs' Assignments of Error Number Five and Six are not brought forward and argued in their brief, and they are therefore deemed abandoned. Rule 28, Rules of Practice in the Court of Appeals of North Carolina.

**[6]** Plaintiffs' Assignment of Error Number Seven challenges the ruling of the trial court in allowing the defendant Chambers to testify on direct examination, over objection of the plaintiffs, as to what she told the patrolman with respect to how the accident occurred. In response to the question, she stated this: "I told the patrolman that I was stopped behind the Goldston car when the Medlin car hit me and knocked my car into the Goldston car." If we concede error in allowing the defendant to answer the question, it is clear that the same witness had just testified on direct examination that she had come to a complete stop behind the Goldston car and that the Medlin car struck her car from the rear and knocked it into the Goldston car, and that there was no contact between her car and the Goldston car before the Medlin car struck her. Therefore we hold that the error complained of by the plaintiff was not prejudicial. Plaintiffs' Assignment of .Error Number Seven is overruled.

**[7]** Plaintiffs' Assignment of Error Number Eight is to two portions of the charge of the Court to the jury. In the portion of the charge in which the judge was explaining the law with respect to an award of damages for personal injury, the judge stated among other things the following:

"If the plaintiff is entitled to recover at all, he is entitled to recover as damages one compensation in a lump sum for all injuries, past and present, in consequence of the wrongdoer's negligent act or acts."

The plaintiff complains that the use of the word "wrongdoer's" was singular and was an expression of opinion by the trial judge that only one of the defendants was responsible for the damages. The word "wrongdoer's" and the word "wrongdoers'" are pronounced exactly the same way, and the mere fact that the reporter in transcribing the charge placed the apostrophe ahead of the "s" instead of after it does not in any way change what the judge said to the jury.

[8]     The other portion of the charge to which the plaintiffs except is that portion of the charge where the judge was reading one of the issues to the jury. The record discloses that he read it as follows:

"What amount, if any, is the plaintiff Margaret Stumpf Goldston entitled to recover of the defendant for her personal injuries?"

In the issue as actually written and handed to the jury, "defendants" appears as plural. Nevertheless, plaintiffs argue that misreading the issue was an expression of opinion by the trial judge that only one defendant was actually responsible for the damages. Aside from the fact that this could be a perfectly understandable error in transcribing by the reporter, or a perfectly understandable *lapsus linguæ* by the judge, throughout the charge to the jury the judge referred to both sets of defendants and the jury could not have been misled by the use of the singular on one occasion, if in fact the singular was used. In view of the fact that there were four defendants (two with respect to each vehicle) we can perceive that had the judge used the plural counsel could as easily argue that he referred to only the defendants involved with one of the vehicles. It seems to us that counsel displays little respect for the intelligence of jurors. Plaintiffs' Assignment of Error Number Eight is overruled.

Plaintiffs' Assignments of Error Number 9, 10, 11 and 12 are formal and are disposed of by what has heretofore been said; therefore each of them is overruled.

This case has been tried twice and 24 jurors have found that only the driver of the Medlin car was negligent, and have awarded damages upon both trials against only the defendants Medlin. The verdict upon the second trial was for slightly less damages than was awarded on the first, and this is obviously the cause of plaintiffs'

displeasure. We hold that the plaintiffs have had a fair trial; that the case was submitted to the jury by the trial judge under proper and applicable principles of law; and in the trial we find no prejudicial error.

Affirmed.

BRITT and PARKER, JJ., concur.